UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM ROBERT BRAMSCHER, | ) | Case No. CV 18-06002-RGK (AS) |
| Petitioner, | ) ) ) | **ORDER OF DISMISSAL** |
| v. | ) ) | **WITHOUT PREJUDICE** |
| JIM McDONNELL, Sheriff, | ) ) | |
| Respondent. | ) ) ) | |

**INTRODUCTION**

On July 10, 2018, Petitioner filed a "Petition for Writ of Habeas Corpus" ("Petition"). (Docket Entry No. 1).

In an Order issued on July 13, 2018, the Court determined that the Petition was deficient in the following respects: (1) It was not clear whether Petitioner was attempting to file a Petition for Writ of Habeas Corpus by a Person in State Custody (pursuant to 28 U.S.C. § 2254), a Petition for Writ of Habeas Corpus by a Person in

1

Federal Custody (pursuant to 28 U.S.C. § 2241), or some other pleading (i.e., a civil rights action pursuant to 42 U.S.C. § 1983); (2) It was not clear whether Petitioner was a pre-trial detainee or had been convicted of an offense; (3) Plaintiff had failed to assert any intelligible claims or supporting facts, and the Court was unable to discern what claim(s) Petitioner intended to assert; (4) Assuming the pleading was a Petition for Writ of Habeas Corpus by a Person in State Custody, Petitioner had failed to specify any understandable ground for relief and did not include any supporting facts, in violation of Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts; (5) Petitioner had alleged vague and conclusory "claims," in violation of Fed.R.Civ.P. Rule 8(a) and 8(d); (6) Petitioner had failed to allege any claim(s), much less any claims which went to the fact or duration of his confinement; and (7) It was not clear whether Petitioner had exhausted his state remedies with respect to each "claim" alleged in the Petition. The Court ordered Petitioner to file a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 on the proper Central District form. (Docket Entry No. 3).

On August 10, 2018, Petitioner, a pre-trial detainee, filed a "First Amended Petition Writ of Habeas Corpus Traverse" on a non-Central District form. (Docket Entry No. 4). Petitioner stated that he was not filing a First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 because he "has not been

convicted or sentenced." (Id. at 1, underlining in original)[1].

The Court therefore construes Petitioner's pleading as a First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(c)(3) ("First Amended Petition"). See 28 U.S.C. § 2241(c)(3) (The writ of habeas corpus extends to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States"); White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004)("By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment--for example, a defendant in pre-trial detention or awaiting extradition. In these situations, not covered by the limitations in § 2254, the general grant of habeas authority provided by the Constituion and § 2241 will provide jurisdiction for state prisoners' habeas claims."); McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003).

The First Amended Petition alleges the following grounds for federal habeas relief: (1) "Prosecution YA097929 violates state constitution [(a)] right to be informed[,] [(b)] probable cause for civil commitment[,] [(c)] speedy trial[,] [(d)] Rule 4.13 & P.C. § 1367 & c void for vagueness[,] . . . [and] [(e)] Rule 4.13 & P.C. § 1367 & c violate equal protection"; (2) "P.C. § 1192.7 violates state constitution [(a)] embracing more than one subject[,] [(b)] violating equal protection[,] [and] [(c)] P.C. [§] 1192.7(c)

---

[1] The Court cites to the Court's electronic docket.

3

'serious felony' unconstitutionally vague"; (3) P.C. § 17 violates state constitution [(a)] embracing more than one subject[,] [(b)] P.C. §§ 17(b)(4) & (b)(5) violate equal protection[,] [(c)] P.C. §§ 17(b)(4) & (b)(5) violate the seperation (sic) of powers doctrine[,] [and] [(d)] P.C. §§ 17(b)(4) & (b)(5) are void for vagueness"; (4) "P.C. § 422 violates state constitution [(a)] embracing more than one subject[,] [(b)] P.C. § 422(a) violates equal protection[,] [(c)] P.C. § 422(a) violates the separation (sic) of powers doctrine[,] [(d)] P.C. § 422(a) is void for vaguness[,] [(e)] P.C. § 422(a) violates rule of lenity[,] [(f)] P.C. § 422(a) violates Priviledges (sic) and Immunities Clause[,] [and] [(g)] P.C. § 422(a) violates Supreme Law of Land Clause"; (5) P.C. § 422(a) is unconstutional as applied"; (6) Petitioner recevied ineffective assistance of counsel; (7) "Absolute denial 'access to courts' pre-trial is in fact denial [of] fair trial"; and (8) Petitioner is actually innocent. (See First Amended Petition at 3-15).

**DISCUSSION**

**A. Dismissal is Warranted Based on Abstention**

"Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008); see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S.

423, 431 (1982)("*Younger v. Harris* . . . and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances."). Absent limited exceptions, abstention under Younger v. Harris, 401 U.S. 37 (1971) is appropriate if four criteria are met: (1) a state proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) "the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." San Jose Silicon Valley Chamber of Commerce Political Action Comm., supra, 546 F.3d at 1092; see also AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148-49 (9th Cir. 2007); Gilberson v. Albright, 381 F.3d 965, 973 (9th Cir. 2004).

Here, abstention is required because all of Younger's requisites are satisfied. First, Petitioner concedes that he is still awaiting trial in case number YA097929. (See Petition at 1-3, 15). Second, the criminal prosecution against Petitioner implicates the State's important interest in protecting the integrity of its criminal proceedings. See Younger, supra, 401 U.S. at 43-49. Third, Petitioner still has an opportunity to raise federal constitutional claims in the state court criminal proceedings that are currently pending. Fourth, allowing this action to proceed would unnecessarily interfere with the state criminal proceedings.

Younger abstention applies to the claims in the Petition unless Petitioner can demonstrate that "extraordinary circumstances" warrant federal intervention. Younger, supra, 401 U.S. at 53. "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." Perez v. Ledesma, 401 U.S. 82, 85 (1971); see also Carden v. Montana, 626 F.3d 82, 83-84 (9th Cir. 1980). Petitioner has not alleged that such circumstances exist. Thus, the Court shall abstain from interfering with the state criminal proceedings.

**ORDER**

For the foregoing reasons, the First Amended Petition is dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 16, 2018

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE